CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

DEC 17 2009

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MICHAEL H. DUNN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:09-CV-00085 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| DEPUTY H. B. VANMETER, | ) By: Hon. Glen E. Conrad |
| d/b/a Frederick County VA Sheriff's Office, | ) United States District Judge |
| | ) |
| Defendant. | ) |

The plaintiff, proceeding pro se, brought this action against Deputy H. B. Vanmeter, asserting claims of excessive use of force and false imprisonment. This case is now before the court on the defendant's motion to dismiss. For the reasons set forth below, the defendant's motion will be granted in part and denied in part.

I.  **Factual and Procedural Background**

On October 20, 2009, the plaintiff filed a complaint against Deputy H. B. Vanmeter. Although the complaint is far from clear, it appears that the plaintiff alleges that, on October 21, 2007[1], Deputy Vanmeter undertook to serve an arrest warrant on the plaintiff. It appears from the complaint that the arrest warrant stemmed from a feud between the plaintiff and his brother-in-law. The plaintiff states that his brother-in-law had been trespassing on his property, despite the fact that plaintiff had posted no trespassing signs. Perhaps as a result of this feud, the plaintiff states that his "brother in law had [a] phoney warrant of arrest" issued for the plaintiff, which was later "dismissed in court."

---

[1] In his complaint, Dunn states that "[it] all started . . . on 10-21-09." Dunn acknowledges in his response to the defendant's motion, and documents attached to the complaint indicate, that the relevant date in this case was October 21, 2007.

Whatever the origins of the arrest warrant, on October 21, 2007, the defendant drove to the plaintiff's home in order to execute the warrant. Plaintiff states that he approached the defendant in order to discuss the fact that his brother-in-law had been trespassing. Plaintiff states that, during his conversation, he stepped away from the defendant towards the house in order to retrieve records relating to the trespassing issue. He then alleges that the defendant "went off on [him] and beat [him] up," which resulted in the plaintiff suffering various injuries, including three broken ribs. He states that the defendant inflicted at least one injury "just to be mean and hate full." He states that he "never resisted arrest at all."

Again, although far from clear, the plaintiff's complaint also alludes to the fact that he was tried on July 10, 2008 for resisting arrest, stemming from the incident described above.[2] Plaintiff states that he "kept saying [he] had nothing to say to the jury because [he] wasn't guilty but they convicted [him]."

Although the plaintiff does not specify the nature of his claim against the defendant, it appears he is alleging a Fourth Amendment excessive force claim pursuant to 42 U.S.C. § 1983. It also appears that the plaintiff is alleging false imprisonment, as he indicates on his civil cover sheet that he is asking for $45,000 in damages for being "wrongfully jailed for 90 days."

On November 9, 2009, the defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and a Roseboro notice was issued to the plaintiff. On November 20, 2009, the plaintiff filed his response. The defendant informed the court that he would not file a reply brief, and the matter was submitted on the pleadings without request for a hearing.

---

[2] Although the plaintiff does not in his complaint specifically state for what crime he was prosecuted, he attached to his complaint a warrant of arrest and a criminal complaint, both dated October 21, 2007 stating that there was reason to believe that the plaintiff violated Virginia Code § 18.2-479.1 by resisting arrest. He also refers to the trial as the "deputy Vanmeter trial."

2

## II. Standard

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint[.]" Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" Iqbal, 556 U.S. at ___, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). In deciding a motion to dismiss, courts may consider the complaint itself and any documents attached to it. See Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007).

The court must hold pleadings filed by a pro se litigant "to less stringent standards than formal pleadings drafted by lawyers." See Haines v. Kerner, 404 U.S. 519, 520 (1972). The requirement of liberal construction does not mean, however, that the court can ignore a clear failure in the pleadings to "allege anything that even remotely suggests a factual basis for the claim." See Weller v. Dep't of Social Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. Discussion

The defendant in this case asserts that the complaint must be dismissed for failure to state a

claim. The defendant's first argument for dismissal is that the complaint is barred by the doctrine of collateral estoppel because it seeks a new trial on issues which have already been adjudicated in state court. Specifically, the defendant asserts that, because the appropriateness of the plaintiff's arrest and his imprisonment for resisting arrest were previously adjudicated, this suit should be barred from going forward.

"The collateral estoppel effect of the Virginia court's decision is determined by Virginia law." Kane v. Hargis, 987 F.2d 1005, 1008 (4th Cir. 1993) (citations omitted). Under Virginia law, the general rule is that "a judgment of conviction or acquittal in a criminal prosecution does not establish in a subsequent civil action the truth of the facts on which it was rendered." Id. (citations omitted); see also Lee v. Winston, 717 F.2d 888, 894 (4th Cir. 1983).

In the present case, although the plaintiff was convicted of resisting arrest in Virginia, he seeks to recover for the alleged excessive force used by Vanmeter in the course of the arrest. Applying the settled rule of Virginia courts, the plaintiff's criminal conviction can have no preclusive effect in this civil action.[3] See Kane, 987 F.2d at 1008; Lee, 717 F.2d at 894.

The defendant also argues that the plaintiff's false imprisonment allegation must be dismissed because he "admits that he was convicted by a jury for resisting arrest" and because his conviction "negate[s] any claim for wrongful detention." (Mot. ¶ 10.) To the extent the plaintiff asserts a claim for false imprisonment under Virginia law, his claim must fail. As it has been described, "[t]he gist of the action [of false imprisonment] is the illegal detention of the person, without lawful process, or the

---

[3] Moreover, there is no indication that Dunn's criminal trial for resisting arrest resolved the issue of whether Vanmeter used excessive force in the course of that arrest. See, e.g., Hadley v. Gutierrez, 526 F.3d 1324, 1331 (11th Cir. 2008) (denying collateral estoppel because defendant's guilty plea to resisting arrest did not necessarily resolve the issue of excessive force).

4

unlawful execution of lawful process." S. H. Kress & Co. v. Roberts, 129 S.E. 244, 246 (Va. 1925). In order to state a claim for false imprisonment, then, the plaintiff must allege and prove that the process pursuant to which he was imprisoned was not "lawful process." Motley v. Virginia Hardware & Mfg. Co., 287 F. Supp. 790 (W.D. Va. 1968). In the instant case, Dunn seemingly concedes that the defendant possessed a warrant of arrest on October 21, 2007, that plaintiff was convicted of resisting arrest, and that the judgment of conviction has not been set aside. Under these circumstances, any state tort claim of false imprisonment must fail as a matter of law.

To the extent that the plaintiff's allegations concerning false imprisonment and the fairness of his proceedings can be construed as stating a federal constitutional claim for damages based on his conviction, such claim is barred by the rule announced in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In Heck, the Supreme Court of the United States held,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486-87 (1994). As the United States Court of Appeals for the Fourth Circuit has explained, however, Heck will bar such constitutional claims only when a judgment in favor of the plaintiff on that claim "would *necessarily* imply the invalidity of his conviction or sentence." Ballenger v. Owens, 352 F.3d 842, 846 (4th Cir. 2003) (emphasis in original). As there is no indication that the plaintiff's conviction has been reversed, questioned, or declared invalid,[4] any challenge to the plaintiff's state conviction and subsequent imprisonment must be dismissed. See Heck, 412 U.S. at 490.

---

[4] In fact, the plaintiff states in his response to the defendant's motion that the Court of Appeals of Virginia and the Supreme Court of Virginia denied his appeals because they were not timely.

5

Finally, the defendant asserts that he is entitled to qualified immunity with respect to the plaintiff's excessive force claim. Government officials are entitled to qualified immunity from civil liability for performing discretionary functions only insofar as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In determining whether a government official is entitled to qualified immunity, the court must identify the constitutional right claimed to have been violated, determine whether that right was clearly established at the time of the violation, and determine whether a reasonable person in the official's position would have known that his or her actions violated that right. See Smith v. Reddy, 101 F.3d 351, 355 (4th Cir. 1996).

In this case, the plaintiff asserts a claim of excessive force under the Fourth Amendment. Construing the facts in the light most favorable to the plaintiff, the court concludes that the facts alleged support an inference that Vanmeter used excessive force in the course of the arrest. According to the plaintiff, the defendant "went off on [him] and beat [him] up" and inflicted injuries upon the plaintiff "just to be mean and hate full." In addition, the plaintiff has alleged that he received "3 broken ribs" and "pinched nerves in [his] neck & back." The foregoing allegations, viewed in the light most favorable to the plaintiff, suggest that the defendant used excessive force in the course of the plaintiff's arrest. Because the right to be free from excessive force in the context of an arrest was clearly established under the Fourth Amendment at the time, the court will deny the defendant's motion to dismiss on the basis of qualified immunity.

## VI. Conclusion

For the foregoing reasons, the court concludes that the defendant's motion to dismiss shall be granted in part and denied in part. To the extent that plaintiff alleges that defendant used excessive

force to effect his arrest in violation of the Fourth Amendment, the motion to dismiss must be denied. For all other respects, however, the pro se complaint will be dismissed. An appropriate order will be entered this day.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 17th day of December, 2009.

/s/ Glen G Conrad
United States District Judge